FILED

2007 AUG 15  AM 8: 31

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>          v.<br><br>THOMAS RYAN KNIGHT,<br><br>                          Defendant. | Criminal Case No. 07CR2096-LAB<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on August 7, 2007 to determine whether defendant Thomas Ryan Knight should be held in custody pending trial, on the grounds that he is a flight risk and danger to the community.  Assistant United States Attorney Anne. Perry and Special Assistant U.S. Attorney Davene L. Finnel appeared on behalf of the United States.  Attorney Jerrold Bodow appeared on behalf of the defendant.

Based on the evidence proffered by the United States, the defendant, the Pretrial Services Report, the Complaint and the Indictment, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and by clear and convincing evidence that the defendant poses a danger to the community..

//

//

## I.

## FINDINGS OF FACT

**A.** **Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1. The Defendant is charged by Indictment in Criminal Case No. 07CR2096-LAB with four counts of using interstate commerce facilities in the commission of murder-for-hire, in violation of Title 18 U.S.C. § 1958 (a) .

2. If convicted of this charge, the Defendant faces a maximum term of imprisonment of ten years per count pursuant to Title 18 U.S.C. §1958(a).

3. Because the instant offense is a crime of violence and a maximum term of imprisonment of 10 years or more applies for the instant offense, pursuant to 18 U.S.C. § 3142(e), the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant attaches.

**B.** **Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

Although the weight of the evidence is the least important consideration for the Court in determining whether to detain, in this case the evidence is strong and includes the following facts:

1. In February 2007, the Defendant sought out an individual to assist him in killing a young man named Derek, who was living in the Fresno area.  This man was the new boyfriend of the Defendant's prior girlfriend.

2. For several months, the Defendant discussed his plans over an encrypted internet chat room.  The Defendant revealed that he was willing to pay $2000 as well as provide a gun to be used in the murder.

3. On May 28, 2007, the Defendant who was living in Arizona, traveled to Coronado, California to meet with a "hit man for hire."  The hitman was a undercover San Diego Police Department Detective working with the FBI.

2

1     4.     Originally, Defendant told the undercover officer that he wanted the victim

2 kidnaped, taken to Tijuana, and killed.  He even discussed torture to the victim.

3     5.     The Defendant promised the undercover officer that he had access to getting

4 a gun to be used in the murder.

5     6.     Thereafter, the Defendant mailed $1500 as payment.  He also mailed

6 photographs of the victim and his ex-girlfriend.  He mailed residential addresses for the

7 victim and the ex-girlfriend.  He also mailed instructions on how to communicate that the

8 job was complete.

9    **C.**    **History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

10     1.     The Defendant is a 20 year old United States citizen.

11     2.     The Defendant  has some ties to the San Diego area including parents who

12 live in Chula Vista, California; and his attendance at a high school in the same area.

13 However, the Defendant has not lived with his parents for approximately 16-18 months.

14 Furthermore, the Defendant is employed with the United States Army and has been residing

15 in Arizona.

16     3.     The Defendant is single and has no children.

17     4.     Neither the Defendant nor his family have any substantial assets to post for

18 bail.  At the time of the offense, the Defendant earned approximately $1800 per month.

19                       **II.**

20            **REASONS FOR DETENTION**

21    **A.**    There is probable cause to believe that the Defendant committed the offense

22 charged in Criminal Complaint No. 07MJ1643 and by way of Indictment in Criminal Case

23 No. 07CR2096-LAB; namely, use of interstate commerce facilities in the commission of

24 murder-for-hire, in violation of Title 18 U.S.C. § 1958 (a) .

25

26

27

28                       3

B.     Due to the nature and circumstances of the offense, a rebuttable presumption exists that no condition or combination of conditions will secure the Defendant's attendance at trial.  The Defendant has failed to rebut that presumption.

C.     The evidence shows that the Defendant instituted and carried out a plan to kill an individual named Derek, the new boyfriend of the Defendant's ex-girlfriend.  There is no doubt that the Defendant took affirmative steps by use of the internet; use of the United States mail; use of the telephone; and traveled interstate for a meeting in the commission of this crime.  The Defendant has not denied the commission of these affirmative steps.

D.     As an employee in the United States Army, the Defendant earns approximately $1800 per month.  Despite his minimal earnings, the Defendant managed to make payment in the amount of  $1500 to the "hitman."  In addition, the Defendant provided information to the "hitman" including addresses and photographs of the intended victim to further the conspiracy to murder Derek.

E.     As an employee of the United States Army, the Defendant has access to weapons and the ability to know how to use them.

F.     The court has no information regarding the angst the Defendant may feel toward his former girlfriend.

G.     Although the Defendant does not have a criminal history, the Defendant is young.  The lack of criminal history in light of his young age pales in comparison to the offense alleged.

H.     Although the Defendant's father is supportive, the Court does not believe he can reasonably assure the Defendant's appearance as required.

## III.

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter on the basis of risk of flight and danger to the community.

4

1        IT IS FURTHER ORDERED that the Defendant be committed to the custody of the

2    Attorney General or his designated representative for confinement in a corrections facility

3    separate, to the extent practicable, from persons awaiting or serving sentences or being held

4    in custody pending appeal.  The Defendant shall be afforded reasonable opportunity for

5    private consultation with counsel.

6        While in custody, upon order of a court of the United States or upon the request of

7    an attorney for the United States, the person in charge of the correctional facility shall

8    deliver the Defendant to the United States Marshal for the purpose of an appearance in

9    connection with a court proceeding or any other appearance stipulated to by defense and

10   government counsel.

11       This Order is entered without prejudice to the Defendant to submit additional

12   evidence that would support setting of bail in this matter.

13       IT IS SO ORDERED.

14   DATED:   8/14/07

15                                     The Honorable Louisa S. Porter
                                       United States Magistrate Judge

16

17   Prepared by:

18

19     s/ Davene L. Finnel
     Davene L. Finnel
     Special Assistant U.S. Attorney

20

21

22

23

24

25

26

27

28                       5